IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| AARON DAVIS, | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:24-cv-00682 |
| v. | ) | Judge Trauger |
| | ) | |
| JOHN DOE 1, et. al., | ) | |
| Defendants. | ) | |

# MEMORANDUM OPINION AND ORDER

Aaron Davis, formerly an inmate at the South Central Correctional Facility, and now a resident of Dunlap, Tennessee, filed a *pro se* complaint under 42 U.S.C. § 1983. (Doc. No. 1.) The plaintiff also filed a short-form application for leave to proceed in forma pauperis. ("IFP Application") (Doc. No. 10.) On September 16, 2024, the plaintiff informed the court that he is no longer incarcerated and provided his new address. (See Doc. No. 11.) Since the plaintiff was no longer a prisoner; the court ordered him to complete a pauper application for non-prisoners if he wishes to proceed without prepaying fees or costs. (Doc. No. 12.) The plaintiff has now submitted an IFP application. (Doc. No. 13.)

The case is before the court for ruling on the plaintiff's IFP application and initial review under the Prison Litigation Reform Act (PLRA).

## I. APPLICATION TO PROCEED IFP

28 U.S.C. § 1915(a)(2), as amended by the Prison Litigation Reform Act (PLRA), requires a prisoner who wishes to proceed without prepayment of fees and costs in a civil complaint in federal court to file a certified copy of the trust fund account statement for the six-month period

1

immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. *See also McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997). However, once a prisoner is released from incarceration, his obligation to pay court fees is determined, like any other non-prisoner, solely by whether he qualifies for the type of *in forma pauperis* status that is available to all litigants. *McGore*, 114 F.3d at 612. The plaintiff has now been released from custody and thus no longer has to comply with all of the filing fee requirements imposed by the Prison Litigation Reform Act.

All individuals, both prisoners and non-prisoners, who seek pauper status in federal court must file a form or affidavit which states all of the assets possessed by that individual and the failure to file the required affidavit mandates that the pauper request be denied. *See Floyd v. U.S. Postal Service*, 105 F.3d 274, 277 (6th Cir. 1997). The plaintiff has filed an application to proceed *in forma pauperis* with the requisite information. Accordingly, the Court will grant the application to proceed *in forma pauperis.* (Doc. No. 13.)

## II. MOTION TO APPOINT COUNSEL

The plaintiff has filed a Motion to Appoint Counsel, (Doc. No. 2), a Memorandum in Support of the Motion for Counsel (Doc. No. 3), a Declaration in Support of the Motion to Appoint Counsel (Doc. No. 4), and an Affidavit In Re the Motion to Appoint Counsel (Doc. No. 5.)

The Supreme Court has held that "an indigent's right to appointed counsel . . . exists only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981). Thus, unlike in criminal proceedings, there is no constitutional right to an appointed counsel in a civil action, such as this action. *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), *aff'd*, 595 F.2d 1227 (6th Cir. 1979); *see Williamson v. Autorama, Inc.*, No. 91-5759, 947 F.2d 947 (6th Cir. 1991) (citing *Willett* favorably). The appointment of

counsel for a civil litigant is a matter within the discretion of the district court and will occur only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993).

In support of his Motion to Appoint Counsel, which he filed while still incarcerated, the plaintiff states that he is unable to afford counsel, the issues in his case are complex, that he at the time had limited access to a law library being an inmate in a segregated unit, that he wrote law firms to request pro bono assistance and none have replied, and that he has a limited knowledge of the law. (Doc. No. 2 at 23.) In his memorandum in support of the motion to appoint counsel, the plaintiff alleges that "the matter before the Court appointment of counsel is appropriate because of the legal complexity, the amount of conflicting testimony, the complex interrogatories to be filed, the documents and video footage that will require subpoena, and depositions that will need to be conducted." (Doc. No. 3 at 29.) The plaintiff's Declaration in Support of the Motion to Appoint Counsel makes similar allegations as those contained in the Motion to Appoint Counsel and the Memorandum in Support of the Motion to Appoint Counsel. (Doc. No. 4 at 35-36.) The Affidavit in Support of the Motion to Appoint Counsel is actually an affidavit signed by a fellow inmate who claims to have witnessed the assault on the plaintiff. (Doc. No. 5.)

The plaintiff's circumstances as described are typical to most prisoners. *See Murray v. Giarratano*, 492 U.S. 1, 7 (1989) (pro se litigant); *Richmond v. Settles*, 450 F. App'x 448, 452-53 (6th Cir. 2011) (indigent litigant); *Debow v. Bell*, No. 3:10-cv-1003, 2010 WL 5211611, at *1 (M.D. Tenn. Dec. 15, 2010) (inmates are typically indigent and untrained, pro se litigants). Moreover, the plaintiff has demonstrated that he is able to prosecute his case by filing four coherent documents with the court. At this time, the plaintiff has not demonstrated exceptional circumstances warranting the appointment of counsel. Thus, the plaintiff's motion will be denied without prejudice to renew at a later time, if appropriate.

## III. INITIAL REVIEW

### A. Legal Standard

In cases filed by prisoners, the court must conduct an initial screening and dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). Review under the same criteria is also authorized under 28 U.S.C. § 1915(e)(2) when the prisoner proceeds IFP.

To determine whether the Complaint states a claim upon which relief may be granted, the court reviews for whether it alleges sufficient facts "to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The court must afford the pro se Complaint a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to the plaintiff. *Inner City*, *supra*.

The plaintiff filed the Complaint under Section 1983, which authorizes a federal action against any person who, "under color of state law, deprives [another] person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012) (citations omitted); 42 U.S.C. § 1983. The Complaint must therefore plausibly allege (1) a deprivation of a constitutional or other federal right, and (2)

4

that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

Although the plaintiff has now been released from prison, the Prison Litigation Reform Act's (PLRA) screening provisions apply to non-prisoners as well as to prisoners. *See also McGore v. Wrigglesworth*, 114 F.3d at 608.

**B.    Analysis**

The plaintiff alleges in his initial complaint that he was assaulted by an officer, that there was a failure to protect him from the assault, and that the defendants were indifferent to his medical needs. (Doc. No. 1 at 7.) The plaintiff does not offer any facts or arguments in support of his claims. In his memorandum in support of his motion for the appointment of counsel, the plaintiff alleges that on June 20, 2023, defendant John Doe 1, a prison guard, punched, kicked, and hit the plaintiff without provocation during a search of his prison cell. The plaintiff alleges that Defendant Officer John Doe 2, who was wearing a body cam that was operative[] filmed the entire incident, and Defendant Officer Jane Doe 1, did nothing to stop the assault. The plaintiff claims that Jane Doe actually encouraged the assault. The plaintiff suffered injuries to the nose, eye, throat, neck and legs and now claims to have post-traumatic stress syndrome as a result of the attack. (Doc. No. 3 at 27-28). The plaintiff alleges that the defendants were medically indifferent to his medical needs, that they failed to take him to medical for evaluation by Nurse Jane Doe 1, but makes no allegations about Defendant Nurse Jane Doe 1. (*Id.* at 29.)

The plaintiff's complaint in and of itself does not state a claim for relief because he makes no factual allegations in support of his claims.

Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This rule seeks "to avoid technicalities and to require that the pleading discharge the function of giving the opposing party

5

fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved." *Chase v. Northwest Airlines Corp.*, 49 F. Supp. 2d 553, 563 (E.D. Mich.1999) (quoting Wright & Miller, Federal Practice and Procedure: Civil 2d § 1215).

In the context of a civil rights claim, conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983; some factual basis for such claims must be set forth in the pleadings. *Lillard v. Shelby County Board of Education*, 76 F.3d 716, 726 (6th Cir. 1996); *see also Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003).

The plaintiff admittedly has made out factual allegations of excessive force, failure to protect, and deliberate indifference to his medical needs in his memorandum in support of his motion for the appointment of counsel and in an Affidavit from a fellow inmate. However, "[w]hen deciding whether a complaint fails 'to state a claim upon which relief can be granted,' a court should typically limit itself to the well-pleaded allegations within the complaint's four corners." *Blackwell v. Nocerini*, 123 F.4th 479, 486 (6th Cir. 2024) (citing Fed. R. Civ. P. 12(b)(6)).

The plaintiff's blank complaint fails to satisfy the requirements of Fed. R. Civ. P. 8(a)(2), because it contains no factual or legal allegations which state a claim upon which relief can be granted. The plaintiff's "bare bones," conclusory assertions within his complaint are insufficient to state a cognizable constitutional claim. *See Coker v. Summit County Sheriff's Dep't*, 90 F. App'x 782, 787 (6th Cir. 2003); *see also Payne v. Secretary of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2); "Neither this court nor the district court is required to create Payne's claim for her.").

The plaintiff's complaint suffers from a second problem. All of the defendants named in the complaint are identified only as John or Jane Doe.

6

Although courts generally do not favor use of "John/Jane Doe" to identify defendants, where the identity of a party is unknown prior to the filing of a complaint, courts generally allow a plaintiff to identify the unknown defendant through discovery, unless it is clear that discovery would not uncover the identities of the defendants. *See Yates v. Young,* 772 F.2d 909 (Table), 1985 WL 13614, *2 (6th Cir. Aug. 28, 1985) (citing *Schiff v. Kennedy,* 691 F.2d 196 (4th Cir. 1982); *Gillespie v. Civiletti,* 629 F.2d 637 (9th Cir. 1980)); *see also Downie v. City of Middleburg Hts.*, 76 F. Supp. 2d 794, 801, n. 5 (N.D. Ohio 1999). A district court can dismiss a complaint against the "John Doe" defendant where the defendant had not been properly identified. *See Mitchell v. Gilless*, 55 F. App'x 358, 359 (6th Cir. 2003).

Under Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course within 21 days after serving it" and, "[i]n all other cases, ... [t]he court should freely give leave [to amend] when justice so requires." A district court can allow an inmate to amend his complaint even when the original complaint might be subject to dismissal under the Prison Litigation Reform Act's (PLRA) screening requirements for prisoner and *in forma pauperis* (IFP) suits. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

The court will grant the plaintiff sixty days from the date of this order to file an amended complaint which alleges sufficient facts that could state a claim for relief and provides the court with the names of the defendants whom he wishes to sue. If he fails to do either, the case will be dismissed without prejudice.

It is so **ORDERED**.

_____
Aleta A. Trauger
Dated:                                                      United States District Judge